In the Matter of **HISTORIC MACON STATION LIMITED PARTNERSHIP,** Debtor.

**HISTORIC MACON STATION LIMITED PARTNERSHIP, Debtor in Possession, Movant–Plaintiff,**

v.

**PIEDMONT–FORREST CORPORATION, Defendant–Respondent,**

and

**Georgia Power Company, United Way Macon and Bibb County, and Macon–Bibb County Convention and Visitors Bureau, Inc., Respondents.**

Bankruptcy No. 90–52051.
Adv. No. 90–5109.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

April 6, 1994.

---

3. In this case, the additional liability was actually      assessed invalidly. *Supra.*

Thomas C. James, III, Macon, GA.

John M. Bruce, Atlanta, GA.

Michael Weinstock, Atlanta, GA.

Mark Roadarmel, Asst. U.S. Trustee, Macon, GA.

## ADDENDUM

ROBERT F. HERSHNER, Jr., Chief Judge.

This Court published its memorandum opinion and entered an order in this adversary proceeding on March 24, 1993.[1] Georgia Power Company and Piedmont–Forrest Corporation appealed the Court's decision to the United States District Court for the Middle District of Georgia. The district court entered an order of remand on February 8, 1994. The district court asks this Court to explain in more detail how this Court concluded that equitable estoppel applied in this adversary proceeding.

In response to the remand issued by the district court, this Court has reviewed the record of the five-day trial held in this adversary proceeding, and, having considered the evidence and the weight which should be given to the evidence, this Court publishes this addendum to further explain why equitable estoppel binds Georgia Power and Piedmont–Forrest.

This Court, as the trier of fact, is persuaded that Historic Macon Station Limited Partnership ("Debtor"), Georgia Power, and Piedmont–Forrest reached an agreement to resolve their dispute on April 12, 1990, the date William Jones communicated to Debtor that the parties had a deal. Mr. Jones' communication to Debtor occurred after lengthy negotiations. The Court is persuaded that Debtor reasonably relied on the agreement and that Georgia Power and Piedmont–Forrest knew that Debtor would rely on the agreement.

The Court is persuaded that Debtor was reasonably mislead by the conduct of Georgia Power, Piedmont–Forrest, John Griffin and Mr. Jones. Mr. Jones conveyed to Debtor that Mr. Griffin would be in contact to draft the memorandum of understanding. A draft of the memorandum was sent to Debtor by Mr. Griffin on April 16, 1990. Debtor made a minor change and returned the memorandum to Mr. Griffin by facsimile on April 18, 1990. Mr. Griffin then sent the memorandum to the Resolution Trust Corporation ("RTC") for its approval. Debtor's representatives reasonably believed that the default provisions of the leases were superseded because an agreement had been reached and was being reduced to writing in the memorandum of understanding.

Mr. Griffin also sent Debtor a letter on April 16, 1990, referring to a verbal agreement reached on April 13, 1990, that the termination dates of the leases were extended until April 23, 1990. The Court is persuaded that Mr. Griffin initiated this extension, which was merely a continuation of the previous extension procedures. Debtor acted reasonably in placing no significance on the April 16, 1990, letter, because an agreement had been reached on April 12, 1990. Mr. Griffin was actively reducing the agreement to writing with Debtor's attorney and with representatives of the RTC. The objective impression created by the conduct of Georgia Power and Piedmont–Forrest was that an agreement had been reached, resolving their dispute with Debtor. In this Court's view, it would be unjust to allow termination of the leases based upon Mr. Griffin's letter of April 16, 1990. To reach an agreement and then unilaterally terminate the agreement amounts to deceptive conduct.

In conclusion, Debtor, Georgia Power, and Piedmont–Forrest reached an agreement on April 12, 1990, to resolve their dispute. Mr. Griffin's letter of extension dated April 16, 1990, was self-serving and of no significance.

Accordingly, an order will be entered this date reaffirming the Court's order of March 24, 1993.

---

1. *Historic Macon Station Limited Partnership v. Piedmont–Forrest Corp. (In re Historic Macon Station Limited Partnership)*, 152 B.R. 358 (Bankr.M.D.Ga.1993).

## ORDER

In accordance with the Addendum entered this date; it is

ORDERED that the Court's order of the 24th day of March, 1993, be and the same hereby is reaffirmed.

SO ORDERED.